UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAROLD STEWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-3844-B |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA and PNM | § | |
| RESOURCES, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment (doc. 61), which was filed February 6, 2014. For the reasons stated below, Plaintiff's Motion is **DENIED**.

## I.

## BACKGROUND

On September 21, 2012, Plaintiff Garold Steward filed the above-captioned case against Defendants The Prudential Insurance Company of America ("Prudential") and PNM Resources, Inc. ("PNMR") pursuant to Section 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") in response to the denial of his claim for short-term disability benefits. Compl. 4. After filing their respective answers (docs. 7, 14), Prudential and PNMR each filed motions for summary judgment (docs. 30, 27). Plaintiff responded to both motions (docs. 49, 46) and, in turn, filed his own motion for summary judgment (doc. 34). On January 10, 2014, the Court filed its Memorandum Opinion and Order (the "January 10 Order") (doc. 60), in which the Court denied Plaintiff's motion, granted PNMR's motion, and dismissed the case with prejudice without reaching Prudential's

motion.

On February 6, 2014, Plaintiff filed his present Motion, requesting the Court alter or amend the January 10 Order. Doc. 61. Both PNMR and Prudential timely responded (docs. 62, 63), and Plaintiff timely replied (doc. 64). As such, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A.  *Motion to Alter or Amend Judgment*

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. A judgment may appropriately be altered or amended under Rule 59(e) to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04–CV–254–Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). In other words, the Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479.

## III.

## ANALYSIS

In his present Motion, Plaintiff asks the Court to alter or amend the January 10 Order, which granted Defendant PNMR's motion for summary judgment, denied Plaintiff's motion for summary judgment, and dismissed the case with prejudice without reaching Prudential's motion for summary judgment. Doc. 60. Plaintiff argues that the Court created "[n]umerous issues for appeal," namely:

(1) failing to impose "any adverse consequence" on Defendants despite Prudential's violation of 29 C.F.R. § 2560.503-1(i)(3)(i); (2) considering the "expert report" upon which Defendants relied to deny Plaintiff's claim for short-term benefits; (3) applying the abuse of discretion standard of review to Defendants' denial of Plaintiff's claim for short-term benefits; and (4) failing to reach Prudential's motion for summary judgment. Pl.'s Mot. 1–5. Plaintiff insists the Court can and should remedy these alleged errors by altering or amending the January 10 Order and remanding the case to Prudential and PNMR for administrative reconsideration of Plaintiff's short-term and long-term disability benefits claims. *Id.* at 9. Not surprisingly, both PNMR and Prudential oppose Plaintiff's Motion. They maintain that Plaintiff has failed to satisfy any of the three grounds for amending a judgment under Rule 59(e). PNMR Resp. 3; Prudential Resp. 2. As such, they insist remand is not warranted. *Id.*

As an initial matter, Plaintiff has failed to adduce any new evidence or intervening controlling precedent. *See Schiller*, 342 F.3d at 567. In addition, he has not alleged any manifest errors of fact in the January 10 Order. Accordingly, the Court concludes that Plaintiff's Motion is based on a "manifest error law" and will consider his Motion and the Court's January 10 Order accordingly. *See id.*

The Court first addresses Plaintiff's related arguments that the Court erred by not imposing adverse consequences on Defendants and by using the abuse of discretion standard of review. Plaintiff claims that, by failing to employ a *de novo* standard, modify "any other applicable standard of review," or impose consequences "by other means," the Court adopted an "unduly deferential standard of review" and allowed Defendants to go "scot-free" despite their failure to timely notify Plaintiff of the denial of his appeal. Pl.'s Mot. 2, 6. Plaintiff argues that the Court's actions were "inconsistent with governing caselaw," namely *Henderson v. Paul Revere Life Insurance Co.*, No.

3:11–CV–1992–D, 2013 WL 1875151 (N.D. Tex. May 6, 2013), and *Mattson v. Aetna Life Insurance Co.*, 928 F. Supp. 2d 905 (S.D. Tex. 2013). *Id.* at 2. Plaintiff is mistaken.

As the Court noted in its January 10 Order and the Fifth Circuit has made clear, "'[w]hen the ERISA plan vests the fiduciary with discretionary authority to determine eligibility for benefits under the plan or to interpret the plan's provisions, our standard of review is abuse of discretion.'" *Lafleur v. La. Health Serv. and Indemnity Co.*, 563 F.3d 148, 158–59 (5th Cir. 2009) (quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 269 (5th Cir. 2004)). In other words,

> district courts hearing complaints from disappointed ERISA plan members or their beneficiaries for the administrative denial of benefits are *not* sitting, as they usually are, as courts of first impression. Rather, they are serving in an appellate role. And, their latitude in that capacity is very narrowly restricted by ERISA and its regulations, as interpreted by the courts of appeals and the Supreme Court, including the oft-repeated admonition to *affirm* the determination of the plan administrator *unless* it is "arbitrary" or is not supported by at least "substantial evidence"—even if that determination is *not* supported by a preponderance.

*McCorkle v. Metro. Life Ins. Co.*, — F.3d —, 2014 WL 3585501, at *3 (5th Cir. July 3, 2014) (emphasis in original). Notably, both of Plaintiff's authorities—*Henderson* and *Mattson*—acknowledge and employ the abuse of discretion standard within their decisions. *See Henderson,* 2013 WL 1875151, at *18 ("Because the court must conduct an abuse of discretion review . . ."); *Mattson*, 928 F. Supp. 2d at 915 ("If a plan document expressly confers on the plan administrator the authority to determine benefits and construe the plan terms, as Aetna's does, the standard of review is abuse of discretion.").

Prudential's failure to timely notify Plaintiff of its decision to uphold its denial of benefits, although a violation of 29 C.F.R. § 2560.503-1(i)(3)(i), did not mandate that the Court modify this

standard. Not only did the Court determine that Prudential had substantially complied with the procedural requirements of ERISA, but it acknowledged in a footnote that:

> the abuse of discretion standard would be appropriate here even if the Court had found Prudential was *not* substantially compliant. *See Lafleur*, 563 F.3d at 159 ("Although [defendant] failed to substantially comply with the procedural requirements of ERISA, these violations were not flagrant, so the de novo standard of review . . . is not implicated. Instead, we face the more ordinary situation in which a plan administrator has exercised discretion, but in doing so has made procedural errors."). After all, the Fifth Circuit denied a specific request to alter its standard of review despite a defendant's non-flagrant procedural failings, *see id.*, and Plaintiff here has cited no binding case law that compels this Court to act differently.

January 10 Order 12 n.6. Once again, Plaintiff has failed to offer any binding authority to support his position that the Court should have abandoned the deferential standard of review, imposed some type of "adverse consequences" on Defendants, or disciplined them by other means. Similarly, Plaintiff has failed to explain how these arguments are different than those which were advanced and rejected on summary judgment. *Cf. Sanders*, 2005 WL 6090228, at *1 (Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."). Accordingly, the Court concludes that Plaintiff has failed to demonstrate that its application of the abuse of discretion standard was a manifest error of law.

The Court next considers Plaintiff's argument that it erred by considering the "expert report" on which Defendants relied to deny his claim. Pl.'s Mot. 1. Plaintiff alleges the existence of this report was not timely disclosed or provided to him until after he initiated this lawsuit, and he claims he was therefore never allowed to review or comment upon it or challenge it administratively. *Id.* at 5–6. Plaintiff argues that, by virtue of Defendants' failure to disclose this report, there was "no meaningful dialogue" regarding his claim, and the purpose of Section 1133 was therefore not fulfilled.

*Id.* at 6. He asks the Court remand the case to Prudential so that he can challenge it on administrative appeal. *Id.* at 7.

Plaintiff's argument goes towards two separate of issues, neither of which warrants altering or amending the Court's January 10 Order. The first issue is whether the Court erred by considering the report that psychiatrist Dr. James M. Slayton, M.D. completed for Prudential following his independent review of Plaintiff's medical records. *See* Doc. 29, PNMR App. 32–38. The second issue is whether the Court erred by determining that Prudential substantially complied with the procedural requirements of ERISA, notwithstanding the late disclosure of Dr. Slayton's report. *See Lafleur*, 563 F.3d at 154 (internal quotation marks omitted) ("Substantial compliance requires meaningful dialogue between the beneficiary and administrator."). Once again, the Court concludes Plaintiff has failed to demonstrate the Court made a manifest error of law.

With respect to the first issue, the report was part of the administrative record, which was properly before the Court. *See Vega v. Nat'l Life Ins. Svcs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc), *overruled on other grounds by Mero. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), (holding that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it."). "A long line of Fifth Circuit cases stands for the proposition that, when assessing factual questions, the district court is constrained to the evidence before the plan administrator." *Id.* (collecting cases); *see also Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 515 (5th Cir. 2010) (per curiam) ("In ERISA cases, courts generally cannot consider evidence outside the administrative record."). What's more, Plaintiff already raised this argument unsuccessfully during summary judgment. Pl.'s Mot. 3–4 n.7 ("Plaintiff previously raised the issue of the lateness of the expert report

and the inappropriateness of the Court even considering it . . . ."). The same can be said for Plaintiff's current objection to the Court's finding of substantial compliance, which ultimately is another way of challenging the Court's standard of review. However, Rule 59(e) motions are not the proper vehicle for simply re-urging arguments the Court has already rejected. *See Sanders*, 2005 WL 6090228, at *1.

Notwithstanding the late disclosure of the report via the untimely letter denying appeal, the Court concluded there was meaningful dialogue between the parties. Jan. 10 Ord. 10–11 ("That Prudential failed to send this [letter] within 45 days is no doubt troubling, but it does not undermine the Court's view that the parties enjoyed a significant exchange overall."). This was because the first denial letter on March 23, 2012 provided the reasons for denial, information regarding how to appeal, information regarding the timing of the review process, and notice of Plaintiff's right to access copies of information used in deciding his claim to file suit under ERISA. *Id.*; PNMR App. 21–24; *see Lafleur*, 563 F.3d at 155–56 ("To ensure the full and fair review contemplated by ERISA, the specific reason or reasons for denial must be clearly identified at the administrative level in order to give the parties an opportunity for meaningful dialogue."). Importantly, the first denial letter indicated that "there are no medical findings supporting that you are unable to perform the material and substantial duties of your regular occupation beyond January 23, 2012." PNMR App. 22. The letter also highlighted information in Plaintiff's medical records that undermined his claim of disability, including the lack of evidence of weight loss and the lack of abnormal mental status observations by his treating physicians. *Id.* In response, Plaintiff supplied additional medical records, which were added to his file and timely reviewed on appeal by a new physician, Dr. Slayton. *Id.* at 25–38. Once again, it was determined Plaintiff lacked objective medical evidence of his disability,

and the untimely denial letter so indicated. *Id.* at 41–42. ("there is no cognitive screening, formal cognitive evaluation or other mental status examination throughout the records submitted"). In addition, the letter repeated that Plaintiff's complaints of certain symptoms were not supported by and/or consistent with documentation in his file from his various physicians. *Id.* at 42.

Though the reasons for denying Plaintiff's appeal were not disclosed to him within 45 days, or even until after this litigation was initiated, they were ultimately consistent with those disclosed in the initial letter. What's more, they came after a thorough and timely review of his administrative appeal. Thus, the administrative record did not raise a concern regarding the overall adequacy and integrity of the fiduciary's decision-making process. *Goldman v. Hartford Life and Acc. Ins. Co.*, 417 F. Supp. 2d 788, 805 (E.D. La. 2006). In other words, "[t]he Court [was] not presented with a situation in which the administrator . . . simply failed to issue any reasoned decision or . . . failed to consider additional evidence provided by the claimant." *Id.* (employing abuse of discretion standard though fiduciary did not decide appeal within applicable time limits, because failure did not create concerns about the overall adequacy of decision-making since fiduciary set out reasons for denying participant's claim for benefits). Though Prudential's failure to notify Plaintiff of his denial was serious, it fell short of being "flagrant." *See Lafleur*, 563 F.3d at 159 n.24 (declining to opine whether flagrant procedural violations of ERISA can alter the standard of review, but noting that "the paradigmatic example" of flagrant would be if "defendants failed to comply with virtually every applicable mandate of ERISA" including having no summary plan description, no claims procedure, and no provision to inform participants in writing of anything.). As the Fifth Circuit stated in *Lafleur*, "non-flagrant procedural irregularities should be 'weighed in deciding whether an administrator's decision was an abuse of discretion.'" *Id.* at 159 (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458

F.3d 955, 973 (9th Cir. 2006)). Accordingly, the Court did as other courts have advised and, "look[ed] to the record to determine whether a claims decision that does not comply with section 2560.503-1 is entitled to any judicial deference." *Goldman*, 417 F. Supp. 2d at 805; *see also McGarrah v. Hartford Life Ins., Co.*, 234 F.3d 1026, 1031 (8th Cir. 2000), *abrogated on other grounds by Glenn*, 554 U.S. 105, (mere presence of procedural irregularity is not enough to strip ERISA plan administrator of deferential standard of review; claimant must present evidence irregularity raises serious doubts as to whether result reached was product of an arbitrary decision). Ultimately the Court determined that, though Prudential's violation was serious, its decision was still entitled to the standard deferential review. Jan. 10 Ord. 12 ("This does not mean, however, that the Court will disregard Prudential's transgression. The Court will consider this 'procedural irregularity' in its overall analysis of whether Prudential abused its discretion."); *cf. Lafleur*, 563 F.3d at 159 ("Although Blue Cross failed to substantially comply with the procedural requirements of ERISA, these violations were not flagrant, so the de novo standard of review discussed in *Abatie* is not implicated in this case."). Plaintiff here has failed to provide any authority to demonstrate that such a conclusion was a manifest error of law.

The Court next considers Plaintiff's argument that the Court should have remanded the case to Prudential so Plaintiff could challenge its denial administratively. Plaintiff insists "it is clear that remand to the plan administrator is the preferred remedy for a violation of Section 1133 and the regulation," even if "other relief" remains possible to remedy flagrant violations of ERISA provisions. Pl.'s Mot. 7. In support, Plaintiff cites to several cases, including *Lafleur, Rossi v. Precision Drilling Oilfield Servs. Corp.*, 704 F.3d 362 (5th Cir. 2013), and two district court cases. *See* Pl.'s Mot. 7–8 (citing *Crosby v. Blue Cross/Blue Shield of La.*, No. 08–693, 2012 WL 5493761 (E.D. La. Nov. 13,

2012); *Mattson*, 928 F. Supp. 2d at 920). However, as Plaintiffs' authorities make clear, "'[r]emand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply withe the procedural requirements of ERISA.'" *Rossi*, 704 F.3d at 368 (quoting *Lafleur*, 563 F.3d at 157); *see also Crosby*, 2012 WL 5493761, at *10 (remanding case where defendant failed to substantially comply with ERISA procedural requirements); *Mattson*, 928 F. Supp. 2d at 920 (acknowledging remand is appropriate where administrator fails to substantially comply). As the Court has repeatedly stated, Prudential substantially complied with ERISA's procedural requirements regarding Plaintiff's claim for short-term benefits. Remand was and is therefore inappropriate.

To be sure, the Court made no determination with respect to the denial of Plaintiff's claim for long-term benefits, which brings the Court now to Plaintiff's final argument that it erred in dismissing his case without reaching Prudential's motion for summary judgment. Pl.'s Mot. 3–4. Plaintiff argues that the Court wrongly assumed that Plaintiff's entitlement to long-term disability benefits was dependent on his obtaining short-term benefits. *Id.* at 4. Plaintiff further argues that the "[t]he Court's observation . . . that Plaintiff's complaint did not specifically refer to the LTD benefits claim in the statement of his claim within the complaint could not properly justify its not addressing the claim," because Plaintiff's pleading "referred to Prudential's LTD benefits denial as being in dispute and issue was joined on that LTD benefits denial by both PNMR and Prudential's motions for summary judgment." *Id.* at 4 n.8. Thus, Plaintiff plainly avers that "the Court's refusal to address the issue of Plaintiff's LTD benefits claim was error." *Id.* at 3–4. The Court disagrees.

As an initial matter, the Court did not refrain from reaching the merits of Prudential's summary judgment motion because of the allegedly flawed assumption that Plaintiff's claim for long-

term benefits was dependent on his claim for short-term benefits. Rather, the Court did not address Prudential's motion because it pertained to a claim that was not before the Court. Plaintiff's complaint included only one claim—for the denial of short-term benefits. "A properly pleaded complaint must give 'fair notice of what the claim is and the grounds upon which it rests.'" *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 698–99)). Though Plaintiff does mention in his complaint that he was covered by a long-term disability benefits policy and that he applied for and was denied such benefits, his allegations with respect to ERISA violations are wholly silent with respect to this policy. Compl. 2–3 at ¶¶ 5–8. Indeed, Plaintiff writes:

> 9. In connection with its disposition of the claims of Plaintiff to benefits under the *short-term* disability benefits policy, including denials of *such benefits* to Plaintiff by Prudential's March 23, 2012 and August 13, 2012 denial letters, Prudential, and through it PNMR, engaged in conduct not consistent with its fiduciary duty and that of PNMR to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, and to the extent of any discretion, abused such discretion. Among other things, in reaching the conclusion that Plaintiff was not disabled under the standard of disability governing his entitlement to benefits under the *short-term* disability policy, Prudential ignored or unreasonably discounted medical records of Plaintiff. As a consequence, Prudential and PNMR wrongfully denied *such benefits* to Plaintiff, including by violating Section 1133(2) of ERISA . . . and the requirement of 29 C.F.R. 2560.503-1(h)(2)(iv) . . . .

*Id.* at ¶ 9 (emphasis added). What's more, Plaintiff's entire "Claim" section consists of one paragraph again dedicated exclusively to the denial of his short-term disability benefits:

> 10. For his first cause of action, Plaintiff would show that Prudential and PNMR wrongfully denied benefits to him under the *short-term* disability benefits policy. Prudential and

- 11 -

> PNMR are accordingly liable under Section 1132(a)(1)(B) of ERISA for all benefits due but not paid to Plaintiff under the *short-term* disability benefits policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

*Id.* at ¶ 10 (emphasis added). Though Plaintiff may have at one time contemplated a second cause of action with respect to his long-term benefits, he asserts no such claim in his complaint. Indeed, after this last paragraph he goes directly into a prayer for relief. *Id.*

It is not for the Court to guess which causes of action a party intends to pursue. Indeed, "Plaintiff is the master of his complaint and is able to choose which specific claims he wishes to assert." *Jaimes v. Dovenmuehle Mortgage, Inc.*, No. B–07–186, 2008 WL 536644, at *3 (S.D. Tex. Feb. 27, 2008) (citing *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (per curiam)). Plaintiff plainly advanced only one cause of action in his complaint and only moved for summary judgment with respect to that cause. *See* Doc. 34 at 1 ("Plaintiff moves for summary judgment on his claim to benefits under a short-term disability benefits policy . . . ."). That Prudential, as insurer for the long-term policy, nevertheless moved for summary judgment with respect to the denial of the long-term policy does not change the fact that there was no such claim before the Court. Accordingly, the Court did not reach the merits of Prudential's motion for summary judgment because the case was disposed of by virtue of the Court's granting PNMR's motion regarding the denial of short-term benefits. Plaintiff has failed to provide any authority to demonstrate that this was a manifest error of law. *See De Franceschi*, 447 F. App'x at 204 ("Accordingly, district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment.").

IV.

CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to demonstrate a manifest error of law with respect to the Court's January 10 Order. Accordingly, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

**SO ORDERED.**

**SIGNED:** August 19, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE